UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY J.[1],

                                                  Plaintiff,                  Case 20-CV-31-FPG

v.                                                                               DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                Defendant.
_____

        Jeffrey J. brought this appeal of the Social Security Administration's ("SSA") decision to deny his disability benefits. ECF No. 1. On December 7, 2021, the Court issued a Stipulation and Order reversing the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 12. Thereafter, the Court entered a stipulation awarding Plaintiff's attorney $5,828.62 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 16.

        On August 2, 2021, the SSA issued a Notice of Award granting Plaintiff disability benefits and withholding $23,892.37—25 percent of his past due benefits—to pay his attorney. ECF No. 17-3 at 3. On August 16, 2021, Plaintiff moved for $23,892.37 in attorney's fees under 42 U.S.C. § 406(b).[2] ECF No. 17.

        For the reasons that follow, Plaintiff's motion is GRANTED and Plaintiff's attorney, Justin Goldstein, is awarded $23,892.37 in fees.

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security decisions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only Plaintiff's first name and last initial.

[2] The Commissioner has no objection to the timeliness or reasonableness of counsel's request for attorney's fees. ECF No. 20.

## DISCUSSION

**I.      § 406(b) and Reasonableness of the Requested Fee**

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25 percent boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25 percent statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, the SSA awarded Plaintiff $95,569.48 in past due benefits, and, therefore, counsel's request for $23,892.37 in attorney's fees does not exceed the statutory cap. ECF 17-1 at 2.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved because Plaintiff obtained remand with non-

boilerplate arguments, ECF No. 9, which ultimately led to a favorable decision awarding him benefits.  As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination.  *See Abbey*, 2019 WL 336572, at *2; *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).  Here, Plaintiff's counsel spent 28.9 hours in connection with the appeal to this Court.  ECF No. 17-2 at 2.  Dividing the $23,892.37 fee requested by 28.9 hours yields an hourly rate of $826.73.  This Court has found far higher rates reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf.  *See McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1,051.64).

Accordingly, the Court concludes that the requested fee award is reasonable. Furthermore, counsel must refund the EAJA fees to Plaintiff, which he states he intends to do.  ECF No. 17-1 at 2.  Plaintiff's counsel received $677.91 of the EAJA fee due to the remainder of the funds being offset to pay debts owed to the Department of Treasury.  ECF No. 17-1 at 2.

## CONCLUSION

Accordingly, Plaintiff's motion for attorney's fees under § 406(b), ECF No. 17, is GRANTED and Plaintiff's counsel is awarded $23,892.37 in fees.  The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award.  After counsel receives the § 406(b) fee, he must remit the EAJA fee to Plaintiff.

IT IS SO ORDERED.

Dated: October 1, 2021
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court Judge
Western District of New York